FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 09 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

GLORIA HINES, as Legal Guardian of                       :
JASMINE HINES, also known as JASMINE          NOTICE OF REMOVAL
TUCKER-MOORE,                                            :
                                                         :   Civ. Action No.:
                    Plaintiff,                           :
                                                         :
        v.                                               :
                                                         :
KARL STORZ ENDOSCOPY-AMERICA,                            :
INC.,                                                    :
                                                         :
                    Defendant.                           :
-------------------------------------------------------- X

To:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NEW YORK

        Pursuant to 28 U.S.C. §§ 1332(a) and 1441, and Local Rule 81.1, Defendant Karl-Storz

Endoscopy-America, Inc. (hereinafter "Defendant"), by its attorneys, Goldberg Segalla LLP,

submits this Notice of Removal from the Supreme Court, State of New York, County of Kings,

in which the above-captioned matter is now pending, to the United States District Court for the

Eastern District of New York.  In support of said Removal, Defendant states as follows:

**Nature of Action**

        1.      Plaintiff Gloria Hines, as legal guardian of Jasmine Hines, also known as Jasmine

Tucker-Moore, commenced her personal injury action in the Supreme Court, State of New York,

County of Kings, Index No. 11-15343, on or about July 7, 2011.  A copy of the Complaint filed

in the State Court is attached hereto as Exhibit A.  No other papers, pleadings or orders have

been filed in the State Court or otherwise received by Defendant.

2.	Plaintiff alleges that Jasmine Hines, also known as Jasmine Tucker-Moore, was injured during an operation as a result of a medical product which was purportedly sold by Defendant. *See* Complaint, ¶¶ 1, 3, 10 and 11.

3.	As set forth below, diversity jurisdiction exists because this action is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## Timeliness of Removal

4.	Defendant was first served in this action with a copy of the Summons and Complaint, by way of personal service on or about July 11, 2011.

5.	This Notice of Removal is being filed within thirty (30) days after receipt of the original Complaint by Defendant, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

## Jurisdiction and Basis for Removal

6.	Upon information and belief, Plaintiff is a resident of Kings County, State of New York. *See* Complaint, ¶1.

7.	Defendant is a corporation incorporated under the laws of California, with its principal place of business in El Segundo, California.

8.	Full diversity exists among all parties to this action since Defendant is incorporated in and maintains its principal place of business in a different state in which Plaintiff resides.  28 U.S.C. § 1332(a)(1).

9.	Plaintiff seeks approximately $5 million ($5,000,000.00) in damages. *See* Complaint, ¶13.  Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.	Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the Federal District Court for the District in which the underlying State Court action was originally filed.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon Plaintiff, by and through her attorney of record, and a copy of the notice of removal is being promptly filed with the Supreme Court of the State of New York, County of Kings.

**WHEREFORE,** Defendant removes this action from the Supreme Court of the State of New York, County of Kings, to this Honorable Court.

Respectfully submitted,

Dated: White Plains, New York
      August 8, 2011

GOLDBERG SEGALLA LLP

By: _____
     Andrew J. Scholz, Esq.

11 Martine Avenue, Suite 750
White Plains, NY 10606
(914) 798-5400
mshalhoub@goldbergsegalla.com
*Attorneys for Defendant Karl Storz Endoscopy-*
*America, Inc.*

To:    Law Office of Joseph M. Lichtenstein, P.C.
       Attorneys for Plaintiff
       131 Mineola Blvd., Suite 102
       Mineola, New York 11501
       (516) 873-6300

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice of Removal in the above-captioned matter was served upon the following named person on the 8th day of August, 2011, via regular mail, postage prepaid:

>Joseph M. Lichtenstein, Esq.
>Law Offices of Joseph M. Lichtenstein, P.C.
>131 Mineola Blvd., Suite 102
>Mineola, New York  11501
>(516) 873-6300
>Attorneys for Plaintiff

>GOLDBERG SEGALLA LLP
>
>By: _____
>    Andrew J. Scholz, Esq.
>
>11 Martine Avenue, Suite 750
>White Plains, NY 10606
>(914) 798-5400
>ascholz@goldbergsegalla.com
>*Attorneys for Defendant Karl Storz Endoscopy-America, Inc.*

252563

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

GLORIA HINES, as Legal Guardian of JASMINE
HINES, also known as JASMINE TUCKER-
MOORE,

                                   Plaintiff,

             -against-

KARL STORZ ENDOSCOPY-AMERICA, INC.

                             Defendant.

-----------------------------------------------------------------X

**SUMMONS**

Index Number: 11 - 15343
Date Purchased: 7/7/11

Plaintiff designates Kings
county as the place of trial.

The basis of venue is the
Plaintiff's residence.

TO THE ABOVE-NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C. within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Mineola, New York
       June 29, 2011

                           Yours, etc.,

                           LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.,
                           *Attorneys for Plaintiff*
                           131 Mineola Blvd., Suite 102
                           Mineola, New York 11501
                           (516) 873-6300

TO:   KARL STORZ ENDOSCOPY-AMERICA, INC.
       91 CARPENTERHILL ROAD
       CHARLTON, MA 01507

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X

GLORIA HINES, as Legal Guardian of JASMINE     **VERIFIED COMPLAINT**
HINES, also known as JASMINE TUCKER-
MOORE,

                           Plaintiff,        Index Number:

          -against-               Date Filed:

KARL STORZ ENDOSCOPY-AMERICA, INC.,

                        Defendant.

----------------------------------------------------------------X

       Plaintiff, by their attorneys, THE LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C. complaining of the defendants, alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.      That at all times stated herein, the plaintiff, was and is a resident in the County of Kings, State of New York.

2.      That at all times stated herein, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC,** was and is a privately owned company that produces, engineers, manufactures, distributes, and sells medical instruments and devices with facilities located at 91 Carpenter Hill Road Charlton, MA 01507 with its principal office located at 2151 E Grand Avenue, El Segundo, CA 90245.

3.      That at all times hereinafter mentioned, **KARL STORZ ENDOSCOPY-AMERICA, INC,** purchased the Mitaka Univeral Holder from Mitaka Kohki Co., Ltd on February 17, 2000.

4.      That at all times hereinafter mentioned, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC**, sold a defective Mitaka Universal Holder, which was then used to operate on the plaintiff.

5.      That at all times stated herein, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC**, failed to provide warnings concerning the dangers and risks in the use of the Mitaka Universal Holder used to operate on the plaintiff.

6.      That at all times stated herein, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC**, were fully aware of the defective nature of the Mitaka Universal Holder used to operate on the plaintiff.

7.      That at all times stated herein, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC**, owed a duty of care to the plaintiff to sell non-defective products.

8.      That at all times stated herein, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC**, failed to use proper care and was negligent in the distribution of defective products.

9.      That at all times stated herein, defendant, **KARL STORZ ENDOSCOPY-AMERICA, INC**, impliedly warranted that the Mitaka Universal Holder was fit for its intended use.

10.     That at all times stated herein the Mitaka Universal holder used to operate on the plaintiff in October 2007 was defective and unfit for its intended purpose.

11.     The plaintiff was caused to sustain severe and serious injuries from the use of the Mitaka Universal holder by reason of the negligence of the defendant **KARL STORZ ENDOSCOPY-AMERICA, INC**.

12.    As a result of the carelessness, negligence, recklessness and gross negligence of the defendants, **KARL STORZ ENDOSCOPY-AMERICA, INC**, the plaintiff was caused to sustain severe and serious injuries from the use of the Mitaka Universal holder.

13.    That the plaintiff has been damaged in amount which exceeds the jurisdictional limits of all other lower courts which would otherwise have jurisdiction, demanding judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with costs of attorney's fees and disbursement of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, and requests the following relief:

1. For Compensatory damage to Plaintiff in the amount of FIVE MILLION ($5,000,000.00) DOLLARS for past and future damages, but not limited to, pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, healthcare costs, medical monitoring, together with interest and cost as provided by law.

2. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless, and indifferent acts of Defendants, who demonstrated a complete disregard and reckless indifference for the safety and welfare of the public, and of plaintiff, in an amount sufficient to punish Defendants, and deter future conduct, together with interest, according to proof

3. Awarding Plaintiff reasonable attorneys fees;

4. Awarding Plaintiff the cost of these proceedings; and

5. Such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
June 29, 2011

Yours, etc.,

LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.,
*Attorneys for Plaintiff*
131 Mineola Blvd., Suite 102
Mineola, New York 11501
(516) 873-6300

## ATTORNEY'S CERTIFICATION

Pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR) the within **SUMMONS & COMPLAINT** TO CPLR 3101(d) is certified to the best of the undersigned knowledge, information and belief, formed after an inquiry reasonable under the circumstances. The presentations of the papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated: Mineola, New York
      June 29, 2011

JOSEPH M. LICHTENSTEIN

## ATTORNEY'S VERIFICATION

Joseph M. Lichtenstein, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury; I am attorney of record for **GLORIA HINES, as Legal Guardian of JASMINE HINES, also known as JASMINE TUCKER-MOORE**, in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT**, and know the contents thereof; the same is true to my own knowledge except as to those matters said to be upon information and belief and as to those matters I believe them to be true.

This affirmation is submitted by the undersigned because the plaintiff is not in the county where I maintain my office.

Dated: Mineola, New York
        June 29, 2011

_____
    JOSEPH M. LICHTENSTEIN